# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SYL JOHNSON,  )
  )
    Plaintiff,  )
  )  No. 03 C 9452
v.  )
  )  Honorable Charles R. Norgle
CYPRESS HILL et. al.,  )
  )
    Defendants.  )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Plaintiff Syl Johnson's ("Johnson") Motion for Leave to File a Second Amended Complaint ("Motion"). For the following reasons, the Motion is denied.

## I. BACKGROUND

Johnson filed the instant Motion on May 5, 2008, over four years after the case commenced. Johnson filed his initial complaint on December 31, 2003. Then, on April 23, 2004, after obtaining counsel, Johnson filed an amended complaint, in which he alleged a single claim against several defendants for copyright infringement of the song, "Is It Because I'm Black." As the basis for his claim, Johnson's amended complaint alleged infringement of copyright registration SRU-360-891, which Johnson filed as a collection of songs that included, so he thought, a recording of "Is It Because I'm Black." As it turned out, sometime in March 2006, a third-party defendant in this suit filed a declaration stating that Johnson's compilation – SRU-360-891 – did not contain a recording of "Is It Because I'm Black." Later on, Defendants obtained from the U.S. Copyright Office a certified copy of Johnson's compilation and confirmed that the compilation did not contain the song "Is It Because I'm Black."

Meanwhile, the parties initiated and proceeded with discovery on the allegations of the amended complaint. During that time the parties identified and deposed all of the necessary parties and experts. As discovery moved forward, in June 2006, Johnson's co-author, Glenn Watts, filed his own infringement action against the same Defendants alleging an infringement of copyright SRU-360-891 and of PA 1-192-702, which Watts filed with the Copyright Office in 2003. In May 2007 Watts filed an amended complaint that deleted any reference to SRU-360-391 and kept the claim only as to PA 1-192-702. Johnson kept his complaint as is.

Once discovery closed, pursuant to the Court's scheduling order of June 11, 2007, Defendants filed their motion for summary judgment on Johnson's infringement claim. The motion was fully briefed as of March 21, 2008 and remains pending as to Plaintiff Johnson. Now, Johnson is seeking to file a second amended complaint that deletes his original claim for infringement of SRU-360-891 and substitutes a new state-law claim for misappropriation and a claim for infringement of registration PA 1-192-702. Defendants object to such a filing, however, and request that the Court deny Johnson's motion because there has been undue delay, because Johnson had an adequate opportunity to cure the amended complaint's defects, and because Defendants would suffer undue prejudice if the amended were allowed.

## II. DISCUSSION

### A. STANDARD OF REVIEW

The federal rules provide that the court should freely give leave to amend a pleading when justice so requires. FED. R. CIV. P. 15 (a)(2). Although this rule reflects a liberal attitude towards the amendment of pleadings, courts generally recognize that "[t]here must be a point at which a plaintiff makes a commitment to the theory of his case." Johnson v. Methodist Med. Ctr. of Ill., 10 F.3d 1300, 1304 (7th Cir. 2004). Indeed, courts in their sound discretion may

2

deny a proposed amendment for reasons including undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party and futility of the amendment. See Soltys v. Costello, 520 F.3d 737, 743 (7th Cir. 2008) (citing Campania Mgmt. Co. v. Rooks, Pitts & Poust, 290 F.3d 843, 848-49 (7th Cir. 2002)); Johnson, 10 F.3d at 1304. Delay on its own is usually not reason enough for a court to deny a motion to amend. Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 792-93 (7th Cir. 2004); Perrian v. O'Grady, 958 F.2d 192, 194 (7th Cir. 1992). But "the longer the delay, the greater the presumption against granting leave to amend." King v. Cooke, 26 F.3d 720, 723 (7th Cir. 2004) (quoting Tamari v. Bache & Co., 838 F.2d 904, 908 (7th Cir. 1998)).

## B. UNDUE DELAY

Defendants assert that it is too late for Johnson to file an amended complaint where there is no newly discovered evidence and where Johnson is merely attempting to change the direction of his suit on the brink of a potential judgment against him. Johnson, in response, argues that he has only now discovered which version of "Is It Because I'm Black" Defendants appropriated, and thus he wishes to clarify the basis for his claim. But there are several holes in this argument.

The Defendants point out that Johnson was put on notice as early as 2006 that SRU-360-891 did not contain a recording of "Is It Because I'm Black." Moreover, it is rather telling that in May 2007 Johnson's co-author, Glen Watts, removed from his own lawsuit any reference to SRU-360-891 and kept only PA 1-192-702 as the basis for his infringement claim. Nevertheless, Johnson remained content with his original assertion that registration SRU-360-891 contained a recording of "Is It Because I'm Black." And only now, four years later, after discovery is complete and with a motion for summary judgment pending, does Johnson find it appropriate to amend his complaint to correct this error. Johnson, indeed, had ample time to cure the defects in

3

his complaint by moving to amend at an earlier date, but instead he chose to sit idly by until the case, for the most part, had been adjudicated. This is precisely the type of delay that must be curbed. See Soltys, 520 F.3d at 743 ("Eleventh hour additions...[are] bound to produce delays that burden not only the parties to the litigation but also the judicial system and other litigants.") (quoting Perrian, 958 F.2d at 195; Campbell v. Ingersoll Milling Mach. Co., 893 F.2d 925, 927 (7th Cir. 1990)); see also Sanders v. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO, No. 97 C 5948, 2000 WL 283106, at *3 (N.D. Ill. Mar. 8, 2000) (Norgle, J.) (citing Feldman v. Am. Mem'l Life Ins. Co., 196 F.3d 783, 793 (7th Cir. 1999) (affirming denial of leave to amend where the plaintiff sought to file an amended complaint after the close of discovery and on the eve of summary judgment proceedings)).

## C. NEW CLAIMS

Aside from his delay, through this Motion Johnson also intends to inject into the case a new state-law claim for misappropriation. In response, Defendants maintain that any new claims will cause them substantial prejudice, as they would be forced to re-open discovery and to defend against a broad scope of issues that a claim for copyright infringement does not involve. The Court sides with the Defendants on this point.

Discovery in this case has long been closed. And the discovery that the parties conducted was limited to and focused on Johnson's claim for copyright infringement of SRU-360-891. This discovery was contentious and protracted. The case docket alone contains one-hundred and eighty-three entries, spanning the course of four years, many of which involve discovery rulings by this Court and the assigned Magistrate Judge. But, during all that time, Johnson and his able counsel failed to envision a claim for misappropriation or, perhaps, failed to see the necessity of bringing such a claim at an earlier date. We see no tenable excuse as to why Johnson failed to

include a claim for misappropriation well before the close of discovery and prior to briefing a motion for summary judgment. To allow Johnson the additional opportunity to amend his complaint at this point in the proceedings would only cause further delay and prejudice to the Defendants. The Motion is therefore denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Sylvester Johnson's Motion for Leave to File a Second Amended Complaint is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 5-20-08