

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYL JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 03 C 9452 |
| CYPRESS HILL et. al., | ) |
| Defendants. | ) |

| | |
|---|---|
| GLENN WATTS and JIMMY JONES | ) |
| Plaintiffs, | ) No. 06 C 3348 |
| v. | ) Honorable Charles R. Norgle |
| CYPRESS HILL, et. al., | ) |
| Defendants. | ) |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the Court is Defendants' Motion for Summary Judgment as to Plaintiff Syl Johnson ("Johnson"). The following Defendants brought the motion: Cypress Hill; Lawrence Muggerud; Senen Reyes; Louis Freese; BMG Songs, a division of BMG Music Publishing NA, Inc., f/k/a/ BMG Songs, Inc.; Cypress Phunky Music, Universal Music Corp., d/b/a Universal – MCA Publishing, f/k/a MCA Music Publishing; Soul Assassins Music; and Sony BMG Music Entertainment as successor in interest to Sony Music Entertainment, Inc. (collectively, "Defendants"). Defendants move for a declaration that Plaintiff Johnson's claim for copyright infringement is invalid as a matter of law. For the following reasons, the motion is granted.

This case involves two related suits, No. 03 C 9452 and No. 06 C 3348, which have been assigned to this Court under Local Rule 40.4. The Defendants originally filed a motion for summary judgment as to Plaintiff Johnson, Plaintiff Glenn Watts ("Watts") and Plaintiff Jimmy Jones ("Jones"). On April 28, 2008 the Court denied summary judgment in favor of Watts and Jones, while it reserved ruling on the motion as to Plaintiff Johnson. See Johnson v. Cypress Hill, No. 06 C 3348, 2008 WL 2540811 (N.D. Ill. Apr. 28, 2008). This Opinion and Order contains only a limited analysis as it pertains to Plaintiff Johnson in suit No. 03 C 9452.

## BACKGROUND

### A. FACTS

The Plaintiffs in this case are songwriters, producers and musicians. In 1968 Plaintiffs wrote a musical work entitled, "Is It Because I'm Black." Plaintiffs Johnson and Jones performed and recorded "Is It Because I'm Black" in 1969. That same year, Twinight Records, Inc. ("Twinight") released the song as a 45-rpm single under its self-titled recording label. Over the years, several versions of the song "Is It Because I'm Black" have been recorded. At the root of this action is the Defendants' sampling of the 1969 version of "Is It Because I'm Black."

#### 1. *Plaintiffs' Copyright Registration*

Around the time of the song's release in 1969, Plaintiffs Johnson and Watts allegedly obtained a lead sheet and completed a copyright application for the United States Copyright Office ("Copyright Office"). In doing so they intended to register a copyright for their song "Is It Because I'm Black." As it turned out, the Copyright Office had no record of a 1969 copyright registration for Plaintiffs' song.

On February 14, 1997 Johnson filed with the Copyright Office a Form SR copyright registration on a collection of songs that he put on a cassette tape. The registration form number

for the cassette tape and the collection of songs is SRU-360-891. In the registration Johnson claimed ownership of every song in the collection, which allegedly contained the 1969 version of "Is It Because I'm Black," although Defendants contend that registration form SRU-360-891 for the cassette tape does not list "Is It Because I'm Black" as one of the songs. Indeed, it was later revealed that the cassette tape Johnson deposited with the Copyright Office did not include a recording of "Is It Because I'm Black."

On June 24, 2003 Watts filed a Form PA copyright registration on the words and music of "Is It Because I'm Black," listing Johnson and Jones as co-authors of the song. Along with the Form PA, Watts submitted to the Copyright Office a compact disc ("CD") with a recording of "Is It Because I'm Black." The Copyright Office assigned to the CD registration number 1-192-702. In the registration Watts listed the date of publication for the CD as January 1, 1978.

### 2. *Defendants' Alleged Copyright Infringement*

In 1993 the musical group Cypress Hill, known for their hip-hop and rap music, released an album entitled, "Black Sunday." "Black Sunday" was comprised of 14 musical tracks, including a track called, "Interlude," which concerns us here. While composing "Interlude," one of Cypress Hill's lead members, Lawrence Muggerud, recorded and electronically "looped" a sample of the song "Is It Because I'm Black" on the "Interlude" track. Cypress Hill, admittedly and for unknown reasons, failed to obtain from Plaintiffs permission to use the 1969 "Is It Because I'm Black" sample.

Johnson testified that, in 2003, after Cypress Hill released its "Black Sunday" album, he learned from an industry insider that Cypress Hill used a sample of "Is It Because I'm Black" in the musical track, "Interlude." Johnson contacted Watts sometime in 2003 regarding Cypress Hill's unauthorized use of the sample. Watts disputes that he became aware of Defendants'

3

infringement in April 2003. Watts nevertheless contacted the Copyright Office by telephone and a letter dated April 23, 2003 to determine the status of Plaintiffs' purported 1969 registration. The Copyright Office informed Watts that no record of the 1969 registration existed for "Is It Because I'm Black." Watts then registered the song on behalf of all three Plaintiffs as outlined above.

Jones apparently was out of touch with the music business for several years. In February 2007 Johnson contacted Jones regarding Cypress Hill's use of the sample. Thereafter, Jones joined Watts' suit as an additional plaintiff.

## B. Procedural History

On December 31, 2003 Johnson filed *pro se* his complaint against Cypress Hill, Sony Music and others alleging that the defendants, from time to time since 1993, infringed the copyright of "Is It Because I'm Black," allegedly registered as copyright 93704915. On April 23, 2004 Johnson filed an Amended Complaint with similar allegations. But this time Johnson deleted any reference to copyright 93704915, and instead claimed an infringement of SRU-360-891 – the 1997 copyright registration for Johnson's cassette tape.

Watts filed his own suit against Cypress Hill and others on June 20, 2006, alleging similarly an infringement of copyright SRU-360-891 and also the song composition copyright he filed in 2003 under registration number PA 1-192-702. Watts filed a Second Amended Complaint reflecting Jones as an additional plaintiff on May 22, 2007. The Second Amended Complaint deleted reference to SRU-360-891 and alleged an infringement of only copyright PA 1-192-702, which Watts registered in 2003.

Defendants' moved for summary judgment against Plaintiff Johnson on two grounds. First, Defendants assert that Johnson's claim for infringement is barred because Johnson cannot

4

establish the registration and copyright for "Is It Because I'm Black." Second, Defendants claim that Johnson's suit for copyright infringement is barred because he failed to file a "Notice of Use" pursuant to the Copyright Act of 1909. In denying summary judgment in case No. 06 C 3348 the Court specifically addressed Defendants' contention regarding the "Notice of Use" requirement set forth in the 1909 Copyright Act. There, the Court explained that in 1976 – effective January 1, 1978 – Congress deleted the Notice of Use requirement from the Copyright Act, before any infringement of "Is It Because I'm Black" transpired. Accordingly, the Court found, in line with Harris v. Emus Records Corp.,734 F.2d 1329 (9th Cir. 1984), that Plaintiffs' failure to file a Notice of Use under the largely superseded 1909 Act did not bar their claim for copyright infringement against the Defendants, who admittedly infringed upon Plaintiffs' recording after the 1976 Act took effect.

The Court shall adopt the above-reasoning in this case. Thus, the only issue for this Court to determine is whether Johnson can establish a registration and copyright for "Is It Because I'm Black" so that he has standing to pursue a claim for copyright infringement against the Defendants in this Court.

## DISCUSSION

### A. STANDARD OF DECISION

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Vukadinovich v. Bd. of Sch. Tr.'s of North Newton School, 278 F.3d 693, 699 (7th Cir. 2002). Under this standard, "[c]onclusory

allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, 328 F.3d, 890, 892-93 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Stinnett v. Iron Works Gym/Executive Health Spa, Inc., 301 F.3d 610, 613 (7th Cir. 2002). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. See Fed. R. Civ. P. 56(c); see also Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1108 (7th Cir. 2004). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Spiegla v. Hall, 371 F.3d 928, 935 (7th Cir. 2004). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## B. REGISTRATION OF COPYRIGHT

In support of their motion, Defendants attack the validity of Johnson's copyright registration. Defendants point out that the copyright registration referred to in Johnson's amended complaint is either invalid or insufficient to establish Johnson's ownership in "Is It Because I'm Black." In this way, Defendants maintain that Johnson failed to meet his burden of proving that he owned a valid copyright in the material alleged to be infringed. As such, according to Defendants, this Court lacks jurisdiction over Johnson's sound-recording infringement claim.

6

A party suing for copyright infringement "must show ownership of a valid copyright and the defendant's infringement by unauthorized copying." Laureyssens v. Idea Group, Inc., 964 F.2d 131, 139 (2d Cir. 1992). A presumption of copyright validity exists where a plaintiff offers a certificate of registration made before or within five years after the work's first publication. See 17 U.S.C. § 410(c); Tuff 'N' Rumble Mgmt. v. Profile Records, Inc., No. 95 C 0246, 1997 WL 158364, at *2 (S.D.N.Y. Apr. 2, 1997). Otherwise, if the certificate of registration indicates that the date of first publication occurred outside of this five-year window, the work falls outside the statutory presumption of 17 U.S.C. § 410(c) and the plaintiff has the burden of proving the validity of its copyright. Id. (citing Sem-Torq, Inc. v. K-Mart Corp., 936 F.2d 851, 854 (6th Cir. 1991)); Dollcraft Indus., Ltd. v. Well-Made Toy Mfg. Co., 479 F.Supp. 1105, 1114 (E.D.N.Y. 1978). Absent intent to defraud and prejudice, inaccuracies in copyright registrations do not bar actions for infringement. Harris v. Emus Records Corp., 734 F.2d 1329, 1336 (9th Cir. 1984).

As the basis for his claim, Johnson's amended complaint alleged infringement of copyright registration SRU-360-891, which, again, Johnson filed as a collection of songs that included, so he thought, the 1969 recording of "Is It Because I'm Black." As it turned out, sometime in March 2006, a third-party defendant in this suit filed a declaration stating that Johnson's compilation – SRU-360-891 – did not contain a recording of the 1969 version of "Is It Because I'm Black." Later on, Defendants obtained from the U.S. Copyright Office a certified copy of Johnson's compilation and confirmed that the compilation did not contain the 1969 version of "Is It Because I'm Black." With this in mind, it is clear that Johnson failed entirely to show ownership of a valid copyright in the 1969 sound recording, "Is It Because I'm Black." Based on this omission, the Court lacks jurisdiction to entertain Johnson's claim and therefore grants summary judgment in favor of the Defendants.

7

## III. CONCLUSION

For the foregoing reasons, Defendants' – Cypress Hill; Lawrence Muggerud; Senen Reyes; Louis Freese; BMG Songs, a division of BMG Music Publishing NA, Inc., f/k/a/ BMG Songs, Inc.; Cypress Phunky Music, Universal Music Corp., d/b/a Universal – MCA Publishing, f/k/a MCA Music Publishing; Soul Assassins Music; and Sony BMG Music Entertainment as successor in interest to Sony Music Entertainment, Inc. – motion for summary judgment is granted as to Plaintiff Syl Johnson.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 7-7-08